**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 10-00900 VAP (PLAx)                          Date:  June 25, 2010

Title:   ROBIN INVESTMENT, INC. v. JAIME OCAMPO; CECILIA OCAMPO
         DOES 1 TO 10 INCLUSIVE
=================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

       Marva Dillard                              None Present
       Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

       None                                       None

PROCEEDINGS:     ORDER TO SHOW CAUSE FOR LACK OF SUBJECT
                 MATTER JURISDICTION (IN CHAMBERS)

       On May 11, 2010, Robin Investment ("Plaintiff") filed a complaint for unlawful detainer against Jaime Ocampo and Cecilia Ocampo (collectively, "Defendants"). Defendants removed the case on June 16, 2010, on the basis of subject matter jurisdiction, under 28 U.S.C. § 1331.[1]

---

[1] Although Defendants do not explicitly claim diversity jurisdiction under 28 U.S.C. § 1332 as a basis for removal, they do assert complete diversity and the required amount in controversy. Therefore, the Court also addresses the sufficiency of jurisdiction on this basis.

MINUTES FORM 11                                  Initials of Deputy Clerk __md___
CIVIL -- GEN                    Page 1

**EDCV 10-00900 VAP(PLAx)**
**ROBIN INVESTMENT, INC. v. JAIME OCAMPO; CECILIA OCAMPO DOES 1 TO 10 INCLUSIVE**
**MINUTE ORDER of June 24, 2010**

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

    "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c)). Even if a party does not question the court's subject matter jurisdiction, the court is required to raise and address the issue sua sponte. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990).

    Defendants claim the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claim arises under federal law.  (See Not. of Removal, at 1-2.)  From the face of the Complaint, Plaintiff's claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint); (Compl. at 1). Accordingly, Defendants have not shown the Court has jurisdiction based on a federal question, 28 U.S.C. § 1331.

    The Court may also exercise jurisdiction based on diversity between the parties.  Diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of different States." 28 U.S.C. § 1332(a)(1).  Defendants do not explicitly claim diversity jurisdiction as a basis for removal, but they do assert complete diversity of citizenship among the parties.  (See Not. of Removal, at 2.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case. Although Defendants state that they are both citizens of California, Defendants fail to identify Plaintiff's citizenship.  (See id.)

MINUTES FORM 11                                                   Initials of Deputy Clerk __md___
CIVIL -- GEN                     Page 2

EDCV 10-00900 VAP(PLAx)
ROBIN INVESTMENT, INC. v. JAIME OCAMPO; CECILIA OCAMPO DOES 1 TO 10 INCLUSIVE
MINUTE ORDER of June 24, 2010

    Moreover, Defendant has also failed to meet the $75,000 statutory minimum required for diversity jurisdiction.  See 28 U.S.C. § 1332.  Defendants claim that the amount in controversy exceeds $85,000, but provide no evidence explaining how an unlawful detainer case valued by Plaintiff at less than $25,000 exceeds the jurisdictional threshold of $75,000.  (See Not. of Removal, at 2.)  Thus, Defendants have not established the Court has jurisdiction based on diversity under 28 U.S.C. § 1332.

    Finding the Complaint and Notice of Removal fail to demonstrate a basis for the Court's jurisdiction, the Court ORDERS Plaintiff to show cause why the action should not be remanded to California Superior Court for the County of Riverside for lack of jurisdiction.  Plaintiff shall file a response in writing no later than July 9, 2010.  Failure to respond will result in a remand of the action to the California Superior Court.

    **IT IS SO ORDERED.**